UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER BACON, et al.,

    Plaintiffs,

v.                                        CASE NO. 8:16-cv-2289-T-23MAP

MAVIS DOCKERY, et al.,

    Defendants.
_____/

**ORDER**

Under the Fair Labor Standards Act (FLSA), Amber Bacon and Dawn Bacon sue (Doc. 1) Mavis Dockery and Carl Dockery for unpaid overtime wages. The complaint alleges that the defendants failed to pay the plaintiffs, who worked as "domestic service employees," at least "time and one-half for overtime hours." (Doc. 1 ¶¶ 9, 13) Moving (Doc. 6) to dismiss, the defendants argue that the complaint fails to state a claim (1) because the complaint lacks allegations proving that Carl Dockery employed the plaintiffs and (2) because the FLSA exempts from coverage a domestic-service employee who provides a "companionship service."

**1. Employer Allegation**

The defendants argue that the complaint contains "no factual allegations supporting that Defendant Carl Dockery was either plaintiffs' employer." (Doc. 6 at 2) However, the complaint alleges, "Plaintiffs worked for Defendants," and Carl

Dockery is a defendant. (Doc. 1 ¶ 9) The FLSA demands no allegation in a complaint expounding the parties' employment relation. *See Secretary of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (per curiam) ("[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation [or] minimum wages to covered employees.").

**2. Domestic-Service Exemption**

"A claim of exemption under the FLSA is an affirmative defense." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (Ryskamp, J.); *accord Burton v. Hillsborough County, Fla.*, 181 Fed. Appx. 829, 840 (11th Cir. 2006) (per curiam). A complaint need not negate an affirmative defense. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). However, if a an affirmative defense "is conclusively established on the face of the complaint," dismissal is appropriate. *Moore's Federal Practice*, Vol. 2, § 12.34[4] (3d ed. 2016); *accord La Grasta*, 358 F.3d at 845.

If a domestic-service employee provides a "companionship service," 29 U.S.C. § 213(a)(15) exempts the employee from FLSA coverage. Under 29 C.F.R. § 552.6(a), an employee provides a companionship service by providing "fellowship" (e.g., conversation, reading) or "protection" (e.g., safety monitoring) to an elderly person. Also, if an employee spends twenty hours or less each week providing "care"

(e.g., dressing, bathing), under Section 552.6(b), the provision of care is a companionship service.

According to the complaint, the defendants employed each plaintiff as a domestic-service employee responsible for Mavis Dockery's bathing, dressing, grooming, feeding, toileting, transferring, driving, meal preparation, housework, medication, and other medical care. (Doc. 1 ¶ 10)  The complaint contains no allegation of the hours the plaintiffs spent on each activity.  Thus, the defendants' argument fails because the domestic-service exemption is not "conclusively established on the face of the complaint."[*]  *See Moore's Federal Practice*, § 12.34[4].

## CONCLUSION

Accordingly, the motion (Doc. 6) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on October 17, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] In November 2015, the Secretary of Labor began enforcing an amendment to Section 552.6, the current version of which is discussed above. Before the November 2015 amendment, Section 552.6 defined a "companionship service" as a service that provides "fellowship, care, and protection." The definition included "general household work" but only if the housework comprises less than twenty hours of the employee's work each week. (Doc. 6 at 2; Doc. 8 at 6–7) Although the complaint alleges that the plaintiffs performed housework (Doc. 1 ¶ 10), the complaint contains no explanation about the amount of hours the plaintiffs performed housework each week. Thus, for the plaintiffs' employment before November 2015, the complaint's allegations do not conclusively establish the domestic-service exemption.